## HARPER v. LINDSKOG *et al.*

Laws 1891, C. 14, §§ 126 128, which authorize the assessment of transient stocks of goods brought into a town and exposed for sale after the annual assessment has been made, and direct the county treasurer to issue a warrant for the collection of the taxes thereon "to the constable of the town," confer no authority on the treasurer to issue such a warrant to the sheriff, although the goods are in a city where no constable is provided for by law, and a warrant directed to the sheriff is void on its face, and renders both the treasurer issuing it and the sheriff who executes it liable for conversion.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Brookings county.   Hon. JULIAN BENNETT, Judge.

Action by John C. Harper against C. A. Lindskog and W. H. Roddle.   From a judgment for plaintiff on a verdict directed by the court, defendants appeal.   Affirmed.

The facts are stated in the opinion.

*Cheever & Hall,* for appellants.

The officer is not liable for executing a tax warrant valid on its face, whether the act under which it was issued was constitutional on not.   Cooley on Taxation, 797; Sheldon v. Van Buskirk, 2 N. Y. 473; Chegary v. Jenkins 5 N. Y. 376; Railroad v. Kane, 72 N. Y. 614; Hudler v. Golden, 36 N. Y. 446; Nelson v. McKinnon, 63 N. W. 630; Abbott v. Yost, 2 Denio, 86; Henderson v. Brown, 1st Games, 92; Warner v. Shed. 10 Johnson, 138; Wooley v. Morris, 96 N. Y. 312; Power v. Kinschi, 17 N. W. 689; East River Gas Co. v. Donelly, 93 N. Y. 557; Weaver v. Devendorf, 3 Denio, 117; Clark v. Miller, 54 N. Y. 528; People v. Salamon, 54 Ill. 39

After submitting questions of fact to the jury the court cannot substitute his judgment for theirs and assume power to decide such questions.   Montgomery v. Sayer, 91 Cal. 206; Smith v. Shalluck, 12 Oregon, 362.

*Alexander & Hooker* and *John McKenzie*, for respondent.

Under a constitutional requirement of equality and uniformity of taxation, the same property cannot be subject to a double tax.   Rice Co. v. Bank, 23 Minn. 280; Cook v. Burlington, 13 N. W. 113.   Any discrimination in taxation, against persons who are not residents of a state or against goods not owned or produced therein is a regulation of commerce, not within the power of the state to enforce.   City v. Blumm, 12 N. W. 266; Walton v. State, 91 U. S. 275; Rogers v. McCoy, 44 N. W. 990; Town v. Dyar, 19 N. W. 862.

Where the value of the property is not controverted and may be ascertained by mere computation the verdict may be amended by the court.   Fletcher v. Nelson, 69 N. W. 53; English v. Goodwin, 54 N. W. 540; Federspeil v. Johnston, 49 N. W. 88; Nobank v. Railroad, 1 N. W. 464; Hodgnes v. Mead, 23 N. E. 559; Johnson v. Rider, 50 N. W. 36.

HANEY, J. This is an action to recover damages for the conversion of personal property seized and sold by the defendant Lindskog, as sheriff of Brookings county, under a tax warrant issued by the defendant Roddle, as treasurer of that county. The court directed a verdict in favor of the plaintiff, denied an application for a new trial, and defendants appealed.

The tax warrant under which defendants attempt to justify the taking of plaintiff's property reads as follows: "The State of South Dakota to the Sheriff of the County of Brookings, Brookings County, South Dakota, or any Marshal or Constable in the City of Brookings, Brookings County, and State of South Dakota, greeting: Whereas, the assessor of the city of Brookings, in said county and state, has on this 10th day of November, 1896, duly assessed and returned to me an assessment of certain personal property belonging to Harper Bros., of Chicago, Illinois, being a transient or itinerant stock of goods owned and in the possession of merchants or salesmen who vend goods within this state, which goods have been opened, and offered for sale and exhibited in the said city of Brookings, and brought within this state since the annual assessment for 1896 has been made pursuant to the provisions of Section 126 of Chapter 14 of the Laws of South Dakota of 1891, the said assessment of said personal property amounting to one thousand dollars ($1,000), and the same having been duly extended upon the tax lists of this county at the same rate as other merchants in the city of Brookings, Brookings county, South Dakota, have been assessed for said year: Now, therefore, you are hereby commanded to forthwith levy upon, distrain, and take into your possession sufficient of said personal property of said Harper Bros. to satisfy the amount of thirty-

seven and 50-100 dollars taxes upon said assessment as afore-said, now due and owing therefor from said Harper Bros., and to sell sufficient of said property to satisfy the said taxes, to-gether with costs and expenses of distraint and sale, and make due return thereof of your proceedings herein. Dated at Brook-ings, South Dakota, this 10th day of November, 1896. [Signed] W. H. Roddle, Treasurer in and for said Brookings County, South Dakota."

The only authority for such a warrant is found in the fol-lowing sections of Chapter 14 (Laws 1891):

"Sec. 126. All itinerant, transient, or bankrupt stock merchants or salsesmen who vend goods within this state, at any time after the annual assessment is made shall be assessed and returned by the assessor of the town or city wherein he or they shall open or offer for sale any stock of goods, groceries or merchandise, by exhibiting the same, at the same rate as other merchants have been assessed, and such assessor shall forthwith return the same to the county treasurer to be extend-ed upon the tax list by him.

"Sec. 127. Whenever such assessment is returned to the county treasurer, it shall be his duty to issue a warrant forth-with to the constable of the town, wherein such itinerant or transient sales are being effected, commanding him to collect such tax forthwith.

"Sec. 128. It shall be the duty of such constable to pro-ceed forthwith according to the exigencies of his warrant and demand the amount of taxes so levied, from the person or per-sons conducting such sale, and if not paid, to levy the same upon any goods, wares and merchandise as shall be found in the possession of such salesman or salesmen, and sell the same

after ten days' notice given in the nearest newspaper and make return thereof, deducting his legal fees and returning the surplus, if any, after paying costs and taxes, to the owner, or reputed owner or agent in possession "

It will be observed that this law requires the warrant authorized therein to be issued to ''the constable of the town wherein" the sales are effected, and that the warrant in this case was issued to the sheriff of Brookings county, or any marshal or constable of the city of Brookings. The sales were being effected in the city of Brookings. In discussing the subject of tax warrants, Judge COOLEY, in his work on Taxation, employs the following language: ''Whatever may be the requisites for' the warrant under the statute, care must be taken that they be observed. One of the most important of these is that it be directed to the proper officer. Where the law has indicated one officer to perform the duty of collection, the officer who issues the warrant is without power to designate a different one; and if, even by inadvertence, the process were to be directed to the sheriff, when the lawful collector is the township treasurer, or vice versa, it would be void on its face.'' Cooley, Tax'n, 425. The rule thus announced is supported by authority of the highest respectability, and is we think, entirely consonant with the principles which should govern the construction of a statute providing so summary and severe a method of taxation as the one in question. Stephens v. Wilkins, 6 Pa. St. 260; Cannel v. Crawford Co., 59 Pa. St. 196; Dinsmore v. Westcott, 25 N. J. Eq. 470. There is clearly no authority in the statute above quoted for the sheriff to serve warrants issued under its provisions. We are aware of no other statute which confers such authority, and, as the warrant is directed to an unauthorized

officer, we think it is void upon its face, and affords the sheriff no protection whatever. Although the warrant is void because issued to an officer not authorized to serve it, it must be regarded as an express direction on the part of the treasurer to seize the plaintiff's property, and therefore defendant Roddle is also liable for the conversion of such property. In no event could the sheriff justify under such a warrant, for the reason that the law does not designate him as the collector of such taxes, and he is bound to know the law, whatever may be the recitals of the warrant under which he acts. It was admitted by the parties in open court that the organization of the city of Brookings does not provide for the office of constable. But this does not justify the sheriff in usurping the discharge of duties which are foreign to his office. The admission does not establish the fact that there was no person authorized to execute the warrant, and, if there was none, that fact did not confer authority upon the sheriff.

It is contended that there were certain irregularities relative to the rendition of the verdict. Holding, as we do, that neither defendant could justify under the tax warrant, there was no issue of fact for the jury except the value of the property taken, with interest; and as the court, in effect, directed a verdict for the least amount to which the plaintiff was entitled under the evidence, defendants have no reason to complain of the manner in which the verdict was returned. The judgment is affirmed.